IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

Jason Collura,
    Plaintiff    :    Civil Action

v.    No.08-3880

City Of Philadelphia,
    Defendant

PLAINTIFF'S RESPONSE TO ORDER

    Plaintiff just so happened to see the Court's October 28th, 2009, on the docket, and is providing a on the record response to that order. As of today, Plaintiff has had no communication with his counsel or Maguire since the trial concluded, about any reason. Plaintiff severely doubts Maguire even contacted counsel about a possible settlement conference and has any intention of doing so. It is also doubted that the City will do any good in a settlement conference. This is coupled with the fact that the Plaintiff will absolutely not settle for less than the very simple relief he has sought all along. These factors do not calculate to a positive outlook on a possible outcome of that conference. Because the Court suggested it, Plaintiff would nonetheless be open to it, because he respects the Court's rationale. This would still leave the problem of he is only one half of the equation, and it would take the efficient participation of the other half, which is not anticipated.

    In regards to the legal question, Plaintiff will address that at this moment in time. The Court has stated in the Order that this case essentially hinges on whether the

1

Plaintiff's claim is barred by Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978). Plaintiff believes this liability question is extremely important to his case and should be addressed. However, by no means is this a supporting brief. Plaintiff, because he had no prior knowledge of civil law, believes he made two errors on his complaint. The first is the fact that he did not include the names of these three actual defendants in the defendant column. He would have loved to, but did not know it was legally possible. The second, was not asking for nominal damages of one cent. Plaintiff did state punitive damages in the complaint but changed his mind. If either or both had occurred, Plaintiff feels as though this case would be over, because the question of law would be entered in.

      Notwithstanding, Plaintiff strongly believes that he can establish liability through Monell for his claim and has case law to achieve that. Plaintiff does not believe it should go that far because defendant's actions constituted an official policy and was the result of a policy maker high enough to do so. Plaintiff will address this first, before the underlying Monell claim. The Free Library of Philadelphia is a major entity of the City of Philadelphia. It has been a major part of Philadelphia for 120 years. It employs 645 people, making it among the biggest departments of the city. The director of the third of fourth biggest department in the fifth largest city in this country, the Free Library, was Claudia Martinez at that specific time.

      That is the top level position in the library administration. It is a extremely powerful position, they have the ability to make any decision or policy they want to. The terminations of employment have to go through the director, first. They have the utmost power in regards to that cities' administration. The Free Library has regulations long

established by common practice, and also have a long history of policy or custom in regards to violating the liberty interest of patrons and intentionally terminating access to their public library without just cause. Plaintiff's ban was in direct connection to that policy, and Claudia Martinez is the official "policy maker" in this instance. Once she ratified the ban, it had the force of their law, it became a policy or custom.

Additionally, Bunyon v. Burke County 306 F Supp 2d 1240 (S.D. Ga. 2004) held that local government can be held liable for official policies or customs that violate person's constitutional rights in two ways: 2) plaintiff can show that his rights were violated by single decision by particular official who possesses final authority to establish municipal policy with respect to action ordered. Id at 1241 n.5. Therefore the City is liable under Monell.

Plaintiff will address the question of law, that is, does Monell apply to a case like this in which the plaintiff does not seek money damages? First, he will address McTernan v. City of York, 564 F.3d 636, 659 n.13 (3d Cir.) 2009. The Third Circuit stated McTernan failed even to allege conduct by a decision maker.[39] In the instant case, we know exactly who the policy maker is. The Third Circuit in regards to n.13, decided not to review the claim because District Court simply never made a ruling on it. Through it's interpretational logic, the court was simply saying we simply cannot affirm or reverse a decision that does not exist. In other words, if the Trial Court had made a ruling on it, then the Third Circuit would have addressed it.

Plaintiff has a understanding that Chaloux v. Killeen is 886 F.2d 247, (9th Cir. 1989) not 996 F.2d 247, 251 as the order states. Plaintiff asserts that decision made one-fifth of a century ago, six districts away, involving a case in which shares no relation in

any form or capacity to the one at bar, is not binding here. The courts have already stated that the 9th Circuit erred in Chaloux, and that Monell includes monetary, declatory, or injunctive relief. See Dirran v. Brookline Police Dep't., 315 F.3d 65,71 (1st Cir. 2002) ("However, Supreme Court in imposing the precondition of an unconstitutional 'official municipal policy,' was directly addressing 'monetary, declaratory, or *injunctive* relief.' Thus the Ninth Circuit's contrary position in *Chaloux v. Killeen,* is on face at odds with *Monell* itself.")

The court in Dirrane noted that several circuits have found the Chaloux interpretation to be incorrect. Id. at 71, n. 4 See Gernetzke v. Kenosha Unified Sch. Dist. No.1, 274 F.3d 464, 468 (7th Cir. 2001) ("The predominant view is that *Monell*'s holding applies regardless of the nature of the relief sought.") cert. denied, 535 U.S. 1017 (2002); Bannum. Inc v. City of Fort Lauderale, 901 F.2d 989 (11th Cir. 1990) (applying *Monell* even though the plaintiff only sought declaratory and injunctive relief). See also Reynolds v. Giuliani, 118 F. Supp. 2d 352,362-63 (S.D. N.Y. 2000) (discussing cases). Additionally, Judge Fletcher in Los Angles Protective League v. Gates, 995 F. 1469, 1477-78 (9th Cir. 1993) (Fletcher, J., concurring) suggested that Chaloux was wrongly decided as it conflicted with Monell.

Monell unequivocally subjects municipalities to civil actions under § 1983.436 U.S. at 690. Moreover, although Monell began as both a suit for both injunctive and monetary relief, the Monell District Court mooted the plaintiffs' injunctive claims because of a change in the defendants' policy. *Id.* at 661. On appeal the plaintiffs did not challenge the ruling on injunctive relief, but continued to press for damages. *Id.* at 661-

662. The Second Circuit rejected plaintiffs' argument, finding that a "damages action against officials sued in their official capacities could not proceed." *Id.* at 662. Thus, the Supreme Court had before it *only* a damages suit and its holding is limited to such suits. Therefore, the first theme- that municipalities can be sued under § 1983- is truly the heart of the Monell holding and the primary impetus for this Court to conclude that prospective injunctive and declaratory relief should not be precluded by the latter theme.

    It is plaintiff's opinion, that the Third Circuit is never going to get a chance to affirm a district court's ruling of injunctive relief against a city, unless a district judge actually makes the ruling first. Plaintiff after doing a extensive analysis of Monell, agrees with the all the judges and circuits, that Monell absolutely does not bar liability from a city for injunctive relief. Plaintiff is extremely confident that he has proved his case for liability and would respectfully request the Court to rule in his favor. However, Plaintiff is happy to do whatever the Court suggests, whether in the form of a conference or a supporting brief, to which he will attempt to secure experts for, or do himself.

    Respectfully Submitted,

/s/ Jason Collura  
Jason Collura

Dated: October 30th, 2009